**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: May 24 2010

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 09-36580 |
| | ) | |
| James R. and Elita R. Lepley | ) | Chapter 7 |
| | ) | |
| Debtor(s). | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER

The court held a hearing on May 11, 2010, on the Chapter 7 Trustee's Application for Authority to Employ Attorney Nunc Pro Tunc and for Pre-Approval of Contingency Fee Agreement Pursuant to Section 328(a) [sic] [Doc. #34]. Patti Baumgartner-Novak, the duly appointed Chapter 7 Trustee in this case, seeks court approval to engage Richard D. Panza and Rachelle Kuznicki Zidar and the firm of Wickens, Herzer, Panza, Cook and Batista Co. ("Law Firm") to represent her in connection with a claim that is property of the bankruptcy estate. Debtors had asserted the claim pre-petition against Croghan Colonial Bank. The action in which Debtors asserted the claim is now pending in the Ohio Sixth District Court of Appeals and is captioned *Lepley v. Croghan Colonial Bank*, Case No. CVH 20080060. Debtors are the appellants. The Trustee proposes to pay counsel a contingency fee of 33.33% of any recovery, plus reimbursement of expenses. Croghan Colonial Bank, which is both a creditor in this case and the defendant/appellee in the pending state court action, opposes the Trustee's application.

The basis for Croghan Colonial Bank's objection is that employment of counsel will diminish the

estate in pursuit of a claim (against it) which it unsurprisingly says is meritless. As to this particular counsel, Croghan Colonial argued at the hearing that it is unfair to allow the Law Firm to be paid a contingency fee of 33.33% of any recovery because it had already been paid hourly fees in excess of six figures by Debtors under what became a hybrid fee arrangement in both defending and prosecuting the lawsuit before the commencement of the bankruptcy case. The objection thus attacks both the need for engagement of counsel generally and the proposed fee arrangement.

As to the Trustee's need for counsel, Section 327(a) of the Bankruptcy Code authorizes a trustee, with court approval, to employ one or more attorneys, who must be disinterested persons and not represent an interest adverse to the estate, to assist her in carrying out her duties. Under Section 327(e), a trustee is expressly authorized to employ for a specific special purpose an attorney like the Law Firm that has represented the debtor. *See In re Dev. Corp. Of Plymouth*, 283 B.R. 464, 467 (Bankr. E.D. Mich. 2002). The duties of a chapter 7 trustee include collecting and reducing to money property of the estate, which would include claims against third parties owned by the debtor. 11U.S.C. § 704(a).

The standard applied under Section 327(e) where counsel is being engaged for a special purpose is whether it is in the best interest of the estate to do so. *In re Woodworker's Warehouse, Inc*, 323 B.R. 403, 406 (D. Del. 2005). As noted in the legislative history, subsection (e) "will most likely be used when the debtor is involved in complex litigation, and changing attorneys in the middle of the case after the bankruptcy case has commenced would be detrimental to the progress of that other litigation." H.R. Rep. No. 595, 95th Cong., 1st Sess. 328. The Trustee reports that she is familiar enough with the claim to know that the underlying lawsuit was complex, hard fought, expensive and of extended duration before it became property of the bankruptcy estate, with it now in the state court of appeals on an appeal initiated by Debtors. Croghan Colonial Bank does not dispute that characterization of the state court proceedings. The Trustee indicates that she requires legal assistance and expertise that she does not have both to assist her in properly evaluating the claim and prosecuting it to the extent prudent at various stages, having already changed her initial judgment about accepting a de-minimis settlement offer tendered to the estate by Croghan Colonial Bank. While the court takes at face value Croghan Colonial's position that it opposes the application wearing its creditor hat and not its defendant hat, the effect of refusing to allow the Trustee to engage counsel at all would be to choke off the claim prematurely for a de-minimis amount that will do little, in any event, whether the pending appeal is successful or not, to meaningfully repay creditors. More than $1.8 million in claims have been filed in this case, of which at least $7,027.70 are filed as priority claims. As the underlying action is currently on appeal, and the appeal can be prosecuted only if some

lawyer is engaged to represent the Trustee, there will be little incremental cost or litigation risk to the estate in going forward at this time. Certainly the Trustee has a duty to reevaluate at all points in the litigation the proper course of action toward maximizing value to the estate. The court finds that the Trustee has shown that it is reasonably necessary and in the best interests of the estate to engage special counsel to assist her in her duties to the estate with respect to the claim in issue.

As to the compensation to be paid to the Law Firm, Section 328(a) of the Bankruptcy Code expressly authorizes the employment of professionals on a contingency fee basis. The court's focus thereunder is necessarily on the reasonableness of the proposed fee arrangement with and the incremental cost thereof to the bankruptcy estate, not on Debtors' investment in the claim before the bankruptcy case was commenced. Croghan Colonial Bank argues that, given the Law Firm's prior fee arrangements with Debtors, any recovery herein would be a windfall to it. Should there, however, be a substantial recovery, that would mean that counsel had met with success for the benefit of the bankruptcy estate, *see In re Midway Motor Sales, Inc.*, 355 B.R. 26, 35-36 (Bankr. N.D. Ohio 2006), which is where the focus on reasonableness now lies.

Realistically, there is no other fee arrangement that will enable the Trustee to engage counsel, whether the Law Firm or new counsel. The estate does not have the cash resources on hand to pay an hourly rate based fee to the Law Firm or any other counsel. No other counsel could reasonably be expected to enter into this litigation at this stage in the court of appeals, to invest the resources to become familiar with a case already litigated by other lawyers for an extended time and then prosecute an appeal at anything less than a standard 33.33% contingency fee, if at all. While the court agrees that a hybrid or hourly fee arrangement for the Law Firm would not now be reasonable or feasible to the estate, the court finds that the proposed contingency fee arrangement does satisfy the reasonableness requirement of section 328(a) under the current circumstances.

Based on the foregoing reasons and authorities and as otherwise stated on the record by the court at the hearing, and it appearing that Richard D. Panza, Rachelle Kuznicki Zidar and the law firm of Wickens, Herzer, Panza, Cook and Batista, Co. represent no interest adverse to the estate and are otherwise disinterested, for good cause shown,

**IT IS THEREFORE ORDERED** that Chapter 7 Trustee's Application for Authority to Employ Attorney Nunc Pro Tunc and for Pre-Approval of Contingency Fee Agreement Pursuant to Section 328(a) [sic] [Doc. #34] is **GRANTED**; and

**IT IS FURTHER ORDERED** that Richard D. Panza, Rachelle Kuznicki Zidar and the law firm

of Wickens, Herzer, Panza, Cook and Batista, Co. and the attorneys and paralegals regularly associated therewith be and they hereby are authorized to serve as attorneys for Patti Baumgartner-Nocak, Trustee in this case for the special purpose of litigating the estate's claim against Croghan Colonial Bank; and

**IT IS FINALLY ORDERED** that the Trustee is authorized to pay said counsel a contingency fee of 33.33%, plus reasonable expenses, upon application to the court under 11 U.S.C. § 330, which fee arrangement is hereby pre-approved under 11 U.S.C. § 328(a).